AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL

In the Matter of the Arbitration between

Medical Investment Group, Inc., Claimant

-And-

Revolutions Medical Corporation, Respondent

Case Number: 31 122 Y 00253 11

## AWARD OF ARBITRATORS

We, the undersigned Arbitrators, having been designated in accordance with the Arbitration Agreement entered into between Revolutions Medical Corporation and Medical Investment Group, Inc. dated as of September 17, 2010, having been duly sworn, and having duly heard proofs and allegations of the parties, hereby Award:

(1) Claimant has previously dismissed its claim with prejudice. Accordingly, Claimant shall have and recover nothing from Respondent.

(2) Respondent's motion to amend its claim to include fraud in the inducement is granted. The Panel of Arbitrators finds that both parties had more than a reasonable amount of time to prepare for the hearing on this issue and that neither party was prejudiced or surprised that it was part of Respondent's counterclaim against Claimant.

(3) With respect to the counterclaim of Respondent, the Panel finds both a breach of the Amended Manufacture, Supply, Distribution and Licensing Agreement between Claimant and Respondent dated as of September 17, 2010 (the "Agreement") and fraud in the inducement. Accordingly, Respondent shall have and recover from Claimant the sum of $770,000.00 plus interest from the date of payment by Respondent to Claimant under the subject agreement of each preproduction payment ($600,000.00 and $160,000.00) and the trial molds ($10,000.00). Interest shall continue to accrue until payment of the amount of this Award by Claimant to Respondent. Interest shall be computed on a pro rata, annual basis at the rate specified for judgments in Section 34-31-20 of the South Carolina Code of Laws.

(4) The Agreement provides that each party shall bear its own costs, expenses and fees of the arbitration and shall share equally the costs, expenses and fees of the arbitrators, subject to the authority of the arbitrators, in their sole discretion,

to award such reasonable costs, expenses and fees to the prevailing party. In its discretion, the Panel directs that:

(a)   The administrative filing fees and case service fees of the American Arbitration Association and the fees and expenses of the Arbitrators shall be borne and paid by Claimant. A financial breakdown/allocation of this information will be provided under separate cover.

(b)   Respondent shall have and recover from Claimant the amount of $62,656.55 representing counsel fees and expenses of counsel for Respondent.

(c)   Interest shall accrue on these amounts from the date this Award is sent to the parties by the American Arbitration Association until payment at the annual rate specified in Paragraph 3 above.

(5)   The Panel finds and rules that (i) Claimant has no rights of ownership or control, nor any other rights, to any intellectual property, trade secrets, proprietary information, trademarks or 3mL and 1mL syringes or any other product, production equipment or designs related to the issues arbitrated in this proceeding, and (ii) Richard Theriault was and is the alter ego of Claimant.

This Award is in full settlement of all claims and counterclaims submitted in this Arbitration. All claims not expressly granted herein are denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

I, Edward Dreyfus, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_Jan 1, 2013_
Date

_[signature]_
Edward Dreyfus, Arbitrator

I, Hon. Chase Boone Saunders, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Hon. Chase Boone Saunders, Panel Chair

I, Pender R. McElroy, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Pender R. McElroy, Arbitrator

CHARLOTTE 73685v1

3

I, Edward Dreyfus, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          _____
Date                              Edward Dreyfus, Arbitrator

I, Hon. Chase Boone Saunders, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

DEC. 31, 2012                     *(signed)* Chase Saunders
_____          _____
Date                              Hon. Chase Boone Saunders, Panel Chair

I, Pender R. McElroy, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          _____
Date                              Pender R. McElroy, Arbitrator

I, Edward Dreyfus, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          _____
Date                                                                  Edward Dreyfus, Arbitrator

I, Hon. Chase Boone Saunders, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          _____
Date                                                                  Hon. Chase Boone Saunders, Panel Chair

I, Pender R. McElroy, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

*JAN. 2, 2013*                                                *[signature] Pender R. McElroy*
Date                                                                  Pender R. McElroy, Arbitrator

3